HENRY HENKE

*v.*

STATE OF ILLINOIS.

*Opinion filed March 3, 1919.*

GOVERNMENTAL FUNCTION—*Henke* v. *State, 2 C. C. II., followed.* This case is identical with that of *Henke* v. *State,* 2 Court of Claims at page 11, and the decision of the Court in that case is followed in this case.

Edward J. Brundage, Attorney General, for State.

Made at the request of Governor Lowden.

This claim is for personal injuries received by Henry Henke, as a result of the breaking of a scaffold while claimant was employed as a painter at Lincoln Park, Chicago, Illinois. The claimant was employed by the Lincoln Park Board as a painter and had been working as a painter for said Park Board for sometime previous to the accident complained of, which occurred on the 29th day of September, A. D. 1902.

The evidence shows that on the day of the injury the claimant was working on a scaffold, painting the ribs of a large palm house in Lincoln Park, Chicago; that the scaffold upon which he worked had been erected by carpenters who were likewise employed by the Park Board; that the plaintiff had nothing whatever to do with erection of the scaffold; that about noon, while the claimant was performing his duties he stepped upon a plank placed in the scaffold, which suddenly broke about the middle, and precipitated him to the ground; that the plank which broke under him was found after the accident, to have had a knot or cross-grain running through it at the place where the break occurred; that it was defective and unfit to be used in the scaffold; that the plank was painted a grey color so that the defect could not be seen by the claimant by the use of ordinary care and diligence.

As a result of the accident the claimant was severally injured in both legs. He was taken to the German American Hospital, put in a plasterparis cast which remained on him for a period of six months. After the removal of the cast he was able to get about a little on crutches for a period of about three months, but was unable to do any work for at least a period of three years after the injury. The arches of the claimant's feet were permanently destroyed, in addition to temporary injuries of a very painful character. We find, that as a result of such injury the claimant, at the present time, is afflicted with a condition known as "flat-foot" in both feet, and probably is unfit to work at his trade as a painter. At the time he testified in this case he seems to have been working for the Lincoln Park authorities as a gard-

ener, receiving the sum of two dollars and twenty-five cents a day as wages. During the time he worked for the Lincoln Park authorities, prior to his injury, as a painter, he was getting three dollars and twnety cents per day for his services. We find that he expended for hospital expenses, physicians' services and medicines, endeavoring to be cured of his injury, at least two hundred dollars. We also find that the nature of his injuries was very painful and that he suffered a great deal for a period of one year after the injury.

He filed suit in the Court of Claims in 1906. An opinion was rendered by the Court on September 28th, 1906, holding that the State was not liable for such injury. The case is reported in Volume 2, page 11, Court of Claims Report of Illinois. At the last session of the Legislature, the General Assembly passed an Act appropriating the sum of fifteen hundred dollars for the relief of the claimant in this case, which appropriation was vetoed by Governor Lowden.

From the foregoing facts we make the following findings:

*First*—That the Lincoln Park authorities are acting in a governmental capacity, as a branch of the State, and that the State is not liable for the negligent acts of the Park Commissioners, or any of the employees under them.

*Second*—We find that if the State' of Illinois waived its souvereignty and submitted to the same liability in this case that a private individual or corporation would bear, then and in that case the State would be liable to the claimant for his injury. In other words, if at the time he was injured, he had been working for a private individual or corporation and was injured in like manner as shown in this case, his employer would be liable to him for damages, for failure to furnish him a safe and secure place in which to work.

*Third*—We find that if, at the time the claimant was injured, employees of the State enjoyed the protection of the Employers' Liability Act, the same as employees of private persons or corporations, and that the State of Illinois had elected to come under said Employers' Liability Act, then and in that event the claimant in this case would have been entitled to compensation under such Employers' Liability Act.

*Fourth*—We believe it would be only an act of justice and right for the State Legislature to appropriate in this case, not to exceed two thousand dollars as relief and compensation for all injuries sustained by the claimant while working at Lincoln Park, in the service of the State of Illinois.